**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITES STATES OF AMERICA**<br><br>**v.**<br><br>**BRIAN PERRI** | **CRIMINAL ACTION NO. 15-486** |

Baylson, J.                    **MEMORANDUM**                    October 28, 2020

## I.    Introduction

Defendant Perri has moved this Court for his compassionate release pursuant to 18 U.S.C. § 3582(c).  The court notes that it denied Mr. Perri's Motion on August 27, 2020.  Having received Mr. Perri's Reply to the Government's Opposition to his Motion for Compassionate Release, the Court will supplement its previous Order.

## II.    Background

Mr. Perri pleaded guilty to two counts of transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(b).  (Government's Resp. 4, ECF 67).  This court imposed a term of imprisonment of 120 months on June 27, 2016.  (Id.).  Mr. Perri has served 52 months of his sentence thus far at FCI Fort Dix.  (Id.).  His anticipated release date is December 20, 2024. (Id.)

In April 2020, Defendant, for the first time, complained of asthma.  (Id. at 5; USA's Sealed Ex. 70, 76, ECF 68).  He had previously been diagnosed with diverticulitis.  (Id. at 5; USA's Sealed Ex. 79).  His asthma is managed with two kinds of inhalers for daily use, and he was prescribed a short-term corticosteroid treatment to reduce inflammation.  (Government's Resp. 5; USA's Sealed Ex. 59, 70, 102, 136, 146).  The Government noted that "updated medical records now

document that the defendant is getting tested to determine if he has emphysema." (Government's Resp. 5). However, as Defendant points out in his Reply, he was diagnosed with emphysema in July after a chest x-ray. (Def.'s Reply 2, ECF 73). This Court notes that the medical records submitted by the United States contain this diagnosis. (USA's Sealed Exhibit 134, 136). He has also been identified as having a high risk of lung cancer. (Id. at 136).

Mr. Perri submitted a request for compassionate release to the Fort Dix warden on April 15, 2020, arguing that his medical conditions placed him at great risk of severe or deadly effects of COVID-19. (Government's Resp. 67, ECF 67). His request was denied. (Id.) He seeks relief from this Court on the same grounds. (Id.)

The Court will not review the hardships and suffering caused by COVID-19 in the United States. Suffice it to say that all aspects of our society have been upended by the public health crisis. See generally United States v. Babbitt, No. 18-384, 2020 WL 6153608, *5–6 (E.D. Pa. Oct. 21, 2020) (detailing COVID-19's emergence in the United States) (Savage, J.). Prisons have been especially affected by the virus. See United States v. Rodriguez, No. 03-271, 2020 WL 1627331, at *1, 8-9 (E.D. Pa. Apr. 1, 2020) ("Prisons are tinderboxes for infectious disease.") (Brody, J.). The Government avers that Fort Dix has successfully contained the spread of the virus. (Government's Resp. 10). Still, this Court recognizes that a real risk of viral infection at Fort Dix remains, despite any relative success in containment to date. See, e.g., United States v. McNish, No. 10-524, 2020 WL 5646443, *2–3 (E.D. Pa. Sept. 22, 2020) (Schiller, J.) (explaining the risk of infection at Fort Dix).

### III.   <u>Discussion</u>

#### A.  **Legal Standards**

The recently enacted First Step Act allows "incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons."  <u>United States v. Mark</u>, No. 10-742-1, 2020 WL 5801495, *1 (E.D. Pa. Sept. 29, 2020) (Beetlestone, J.).

A court can reduce an inmate's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) the reduction would be "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors under § 3553(a) warrant a reduction.  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission set forth three specific extraordinary and compelling reasons:  qualifying medical, age and family circumstances.  <u>U.S. Sent'g Guidelines Manual</u> § 1B1.13, cmt. n.1 (U.S. Sent'g Comm'n 2018). Ultimately, a court has discretion to determine what qualifies as an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A).  <u>United States v. Young</u>, No. 06-710-02, 2020 WL 4925592, *2 (E.D. Pa. Aug. 21, 2020) (Robreno, J.)

Finally, a court must determine that the defendant does not pose a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).[1]

#### B.  **Analysis**

Mr. Perri has not demonstrated sufficient reasons for his compassionate release.  In the COVID-19 context, "courts around the country have only granted compassionate release where

---

[1] The applicable § 3142(g) factors include "the nature and circumstances of the offense charged," "the weight of the evidence," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  § 3142(g).

the defendant suffers from a serious condition that increases the likelihood of severe consequences" from the virus.  United States v. Ordaz, No. 98-587, 2020 WL 5993289, *7 (E.D. Pa. Oct. 9, 2020) (quoting United States v. Somerville, No. 12-225, 2020 U.S. Dist. LEXIS 93935, *18 (W.D. Pa. May 29, 2020)) (internal brackets omitted) (Slomsky, J.).

Although the virus is dangerous—and sometimes lethal—for all, the Centers for Disease Control and Prevention ("CDC") has deemed certain people with specific underlying medical conditions and older adults to be at a heightened risk of severe illness or death.  See People at Increased Risk, Centers for Disease Control and Prevention, (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html.  While this court is not bound by the CDC's guidelines, it follows suit with many other district courts who have turned to the guidance as reliably informative.  See, e.g., United States v. Neal, No. 2:08-cr-00628-JMG-5 and 2:10-cr-00685-JMG-1, 2020 WL 5993290, *5–6 (E.D. Pa. Oct. 9, 2020) (Gallagher, J.); United States v. Butler, No. 10-612, 2020 WL 5369753, *1 (E.D. Pa. Sept. 8, 2020) (Schiller, J.); United States v. Claure, No. 12-33-01, 2020 WL 5039448, *2–3 (E.D. Pa. Aug. 26, 2020) (DuBois, J.).

Although the risk of severe illness increases with age, Defendant, aged 62, is not in the highest risk group "among those aged 85 or older." Older Adults, Centers for Disease Control and Prevention, (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html; (Government's Res. 5).  The CDC's guidance on underlying medical conditions contains applies to people of any age.  See People with Certain Medical Conditions, Centers for Disease Control and Prevention, (Oct. 16, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  That guidance contains two lists:  the first for conditions that present an increased

risk of severe illness from the virus, and the second for conditions that might present an increased risk for severe illness from the virus.  Id.

Gastrointestinal issues, including diverticulitis, do not appear on either list.  Id.  Moderate-to-severe asthma appears on the list of conditions that "might" pose an increased risk for illness.  Id.  Emphysema appears alongside COPD on the list of conditions that pose an increased risk for severe illness from COVID-19.  Id.  Cancer also appears on this list.  Id.  Still, none of these listed conditions present an "extraordinary and compelling" reason to justify compassionate release. First, Defendant's asthma is treatable with an inhaler.  (Government's Resp. 5; USA's Sealed Ex. 59, 70, 102, 136, 146).  Second, Defendant's risk status for lung cancer is too speculative to warrant his release.  See, e.g., United States v. Thomas, 2020 U.S. Dist. LEXIS 147301, *9 (W.D. Pa. Aug. 17, 2020) ("[W]e must look to [defendant's] current [diabetic] condition, not a speculative future one.").  Last, the Court agrees that emphysema is a serious condition, see, e.g., United States v. Heffington, No. 18-cr-1536155, 2019 U.S. Dist. LEXIS 115388, 2020 WL 1536155, *3 (E.D. Wash. Mar. 31, 2020), but emphasizes that the compassionate release inquiry does not end there.

Even assuming Defendant's emphysema was an "extraordinary and compelling" reason weighing in favor of granting the motion, not every defendant who presents such a reason is entitled to relief.  The § 3553(a) factors may militate against a sentence reduction.  Likewise, a § 3142(g) finding that the defendant may present "a danger to any other person or to the community" precludes a sentence reduction.  Here, both weigh heavily against granting Defendant's motion.

The Court must consider the § 3553(a) sentencing factors again here to see if those factors are consistent with a reduction in Defendant's sentence.  United States v. Pawlowski, 967 F.3d 327, 329–30 (3d Cir. 2020).  They are not.  First, Defendant has only served 52 months of his 120-

month sentence for significant child pornography crimes.  (Government's Resp. 4).  Reducing his sentence to time served would not reflect the nature and circumstances of the offense, nor the need to reflect the seriousness of the offense, to deter criminal conduct, and to protect the public from further crimes of the defendant.  See United States v. Hill, 2020 WL 6202322, *3 (E.D. Pa. Oct. 22, 2020) (serving 71 months of 121-month sentence does not reflect the seriousness of child pornography offense nor deter criminal conduct); (Government's Resp. 17, 19–20).

The Court further finds that Defendant still poses "a danger to any other person or to the community" under § 3142(g).  Although Defendant had no criminal history before committing the crimes at bar, other statutory considerations weigh against reducing his sentence.  He was convicted of serious child pornography crimes, having possessed thousands of videos and hundreds of thousands of photos.  (Government's Resp. 3).  Many files were sadistic in nature and involved violence.  (Id.).  At least one file involved an infant.  (Id.)  Given the nature and circumstances of Defendant's crimes, the Court cannot say that he no longer poses a danger to the community.  This is especially true considering that all Defendant requires to offend again is an Internet connection.  See United States v. Ackerman, No. 11-740-KSM-1, 2020 WL 5017618, *8 (E.D. Pa. Aug. 25, 2020) (collecting cases noting how easily child pornography defendants can re-offend) (Marston, J.); (Government's Resp. 20).

Lastly, the Court notes that this holding is consistent with other district courts to have considered similar motions.  See, e.g., Ackerman, 2020 WL 5017618, at *10 (collecting cases).

For the foregoing reasons, the Court denies Mr. Perri's Motion to Reduce Sentence.  An appropriate Order follows.